# MANUAL CIVIDANES ET AL.

*v.*

# 'AMERICAN RAILROAD COMPANY.

---

RAILROAD CORPORATION—DEGREE OF CARE—PRESUMPTION OF NEGLIGENCE
FROM INJURY—DEGREE OF CARE REQUIRED OF OWNER OF PROPERTY
INJURED.

1. It is the duty of a railroad company to provide reasonably safe machinery, and to operate it in a reasonably safe manner. The degree of care to be exercised in the conduct of any business depends upon its character.

2. If the property of another be injured by the operation of a railroad train, prima facie it must be presumed it arose from the negligence of the company.

3. The owner of property injured must use reasonable care and effort to protect himself from further loss by its deterioration in value.

May, 1903.

---

*Mr. C. M. Boerman* for plaintiffs.

*Messrs. Dexter & Hord* for defendant.

---

*Railroads—fire.* The authorities dealing with the question of presumption as to negligence in case of railway fires are presented in editorial note to Barnowski v. Helson, 15 L. R. A. 40. In some of the states, statutes have been passed imposing upon railroad companies absolute liability for damages resulting from fire, and the constitutionality of such statutes is discussed in editorial note to Matthews v. St. Louis & S. F. R. Co. 25 L. R. A. 161.

Cividanes v. American R. Co.

HOLT, Judge, gave the following charge to the jury:

This action is known in law as one of trespass on the case. The plaintiffs, claiming to be the owners of certain cane, grass, and live stock, and also claiming that they were destroyed and killed by the locomotive of the defendant company through the negligence of those operating it, bring this suit. A corporation is present in law in the action of its agents,—it necessarily acts by them. If they are guilty of any negligence, it reaches home to the ideal person, and it is responsible. It is the duty of a company to have reasonably safe and proper machinery in the performance of its service to avoid danger and loss to those adjoining the railroad, and to keep such machinery in reasonably safe repair and condition. The degree of care required of a person or company depends, of course, upon the character of the business it transacts. A man taking a dog through the streets of a city is not required to exercise the same degree of care as if it were a tiger. The degree of care is proportioned to the character of the business and the danger that may arise. The greater the danger, the greater must be the care.

If the locomotive of a different company be in bad condition and thereby creates danger to adjoining property, or if it be of bad construction and thereby creates such danger, and this be known to the company, or by the exercise of reasonable care should have been known to it, and does not remedy that condition, and loss occurs in consequence of it, it is responsible for the damage. In other words, a railroad company is guilty of negligence if it does not use all reasonable caution, and adopt all reasonable safeguards and all the best known appliances and all reasonably safe and proper machinery to lessen the danger of fire and prevent loss to adjoining property. A railroad company is not liable for injury for fires set by it along its road

unless it be negligent in having improper engines or engines in bad condition, or from the improper management of them, from which the injury results. The public business must be done. The law authorizes the construction of these agencies for the transaction of it; but they must exercise proper care in the use of dangerous agencies, and use all proper appliances, and they must be in proper condition.

If property is destroyed by fire escaping from a locomotive, it raises a prima facie case of negligence against the company. In other words, the law presumes that if the injury results from fire escaping from a locomotive, it was the result of negligence on the part of the company using that locomotive; and the railroad company must rebut that presumption by showing that their engines and appliances were of good character, and being properly managed. It matters not in this case whether the injury to the cane and the grass occurred in consequence of sparks escaping from the smokestack of the locomotive or from the fire box. If, through negligence of the company, either in not having proper appliances and proper machinery or by their improper management, the fire escaped from any part of the locomotive, then the company is responsible, and the law, prima facie, presumes that the injury occurred through its negligence; but of course that is only a presumption, subject to be rebutted by the testimony.

It is claimed that this cane was destroyed on the 4th day of February, 1903, and that the grass was destroyed on February 7th, 1903, or about then. Now, unless you believe from the testimony that it was destroyed by reason of fire from the locomotive, of course you could not find anything against the defendant. You must believe from the testimony that the fire was occasioned by the locomotive. Next, you must believe that there was negligence upon the part of those in charge of that

machinery as to its condition or management. You must determine from all the testimony whether it occurred through improper machinery, or the improper management of it.

It is also claimed that about March 1st, 1903, the locomotive killed a bull calf belonging to the plaintiff; that this occurred about 11 o'clock in the day. There is testimony tending to show that no whistle was blown at the time and warning given to the stock to get out of the way, and that the train was running quite fast at the time; that there was opportunity on the part of those managing the train to see this calf and its danger. And if that be true, it was their duty to use care and not injure it; and if they failed to do so, and it was killed in consequence, the defendant is responsible. It makes no difference if there was some offer by the company to pay for it; if there was no actual tender of the money,—and there is no testimony tending to show that there was,—then if you believe it was killed by the railroad company through negligence, you are bound to find for the plaintiffs whatever you may think was its value. I repeat the same to you as to the heifer that was killed on the 7th of February, 1903, on the farm Pozos.

My recollection is the testimony tends to show there were some 18 or 20 cuerdas of the cane land. There is some testimony tending to show that a certain quantity of it was damaged, but not burnt, perhaps about 4 cuerdas. There is some testimony tending to show that the cane that was damaged could not have been cut, that it was not in season for cutting. Whether that be true or not, you are to judge from the testimony. There is testimony tending to show that this cane was worth some $225 per cuerda, which would amount to nearly $5,000 or $4,950. There is testimony tending to show that if the burnt cane had been ground within five or six days, it, in the main, would have been saved. There is testimony tending to show

Cividanes v. American R. Co.

that if it had been ground, there would have been saved something like $4,500; and the loss being, according to the testimony, $4,950, that would have left a difference of only $500. There is also testimony tending to show that this cane was worth only $100 per cuerda; and it is for you to determine from the testimony what value this cane had, and what the loss amounted to, both as to the burnt cane and the grass. There is testimony tending to show that the plaintiffs in this case could not well have ground this cane within five or six days after the fire; that they had other cane already cut, which would have interfered. If the fire resulted from the negligence of the defendant company, the plaintiffs were only bound to use reasonable effort to preserve what may have been left of the same; and if they had a quantity of cut cane on hand at the time of the fire, then they would not be bound to grind the burnt cane in preference to it. They were only bound to act fairly and as a reasonable, honest man would act under all the circumstances. If an injury occurs to a man's property of a certain extent, and it be liable to become greater, and he stands idly by when very easily he could prevent further injury, then he ought not to recover for the further injury, because really it is the result of his own conduct; but he is only required to act in a fair and reasonable manner as to it.

So far as the grass is concerned, you have heard the testimony both as to the manner in which it is claimed the fire occurred, and whether it resulted from the use of the locomotive. If you find for the plaintiffs as to it, then you would fix its fair value.

You are to judge of the credibility of each witness, and the weight you will give to his testimony. It may be affected in various ways: The person may be interested in the result of the suit; he may be in the employ of the parties, one or the other; he may be subject to some peculiar influence which may be

Cividanes v. American R. Co.

shown by the testimony. Upon this testimony and the law as given you by the court, you are to reach a conclusion as to the cause of these injuries, and whether from all the testimony the defendant company is liable for them or either of them, and if so, the reasonable value of the loss.